IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD TINDAL<br>*Plaintiff,*<br><br>v.<br><br>MERIDIAN SECURITY INSURANCE<br>COMPANY<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-cv-00618 |

## NOTICE OF REMOVAL

Defendant Meridian Security Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Richard Tindal v. Meridian Security Insurance Company*; Cause No. 23-195; In the 451st Judicial District of Kendall County, Texas.

## I.
## BACKGROUND

1. Plaintiff Richard Tindal (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 23-195 in the 451st Judicial District of Kendall County, Texas, on April 19, 2023 (the "State Court Action"). *See* Plaintiff's Original Petition with Citation, attached as **Exhibit A**.

2. Defendant appeared and answered on May 12, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state

court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C.**

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 451st Judicial District Court of Kendall County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   Diversity of Parties**

7. Plaintiff is an individual domiciled in Kendall County, Texas. *See* **Exhibit A,** Plaintiff's Original Petition with Citation, at ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Meridian Security Insurance Company is a corporation organized under the laws of Indiana and maintaining its principal place of business in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Meridian is a citizen of the State of Indiana.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Allen*, 63 F.3d at 1335.

11.     Here, Plaintiff's Original Petition seeks "monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages, and attorney fees." **Exhibit A**, Plaintiff's Original Petition with Citation, at ¶ 1. However, Plaintiff's Original Petition and pre-suit demand letter clearly demonstrate the amount in controversy requirement for diversity jurisdiction has been established.

12.     First, Plaintiff's Original Petition alleges that "the total loss was estimated by the Public Adjuster to be $229,642.01." *Id.* at ¶ 11. This amount is based off of an estimate from Plaintiff's public adjuster totaling the same amount and which is the basis of Plaintiff's pre-suit demand letter. **Exhibit D**, Plaintiff's July 15, 2022 demand letter. Further, in this case, Defendant issued a total of $26,187.75 in payment for covered damages and the applicable policy deductible is $6,830. **Exhibit E,** March 24, 2022 Claim Estimate. Accordingly, the amount in controversy under the policy, after deducting prior payment and deductible totaling $33,017.75 from the

amount of the public adjuster's estimate ($229,642.01) totals $196,624.46. This amount, alone, exceeds the amount in controversy requirement for diversity jurisdiction. In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). In addition to seeking actual damages totaling $196,624.46, Plaintiff further seeks compensation for treble damages under Chapter 541 of the Texas Insurance Code, penalty interest under Chapter 542 of the Texas Insurance Code, and attorneys' fees. **Exhibit A**, Plaintiff's Original Petition with Citation, at § Prayer. Finally, Plaintiff sent a pre-suit demand letter in which Plaintiff indicated that if suit was commenced, then its new demand would be $689,926.03. **Exhibit D**, Plaintiff's July 15, 2022 demand letter at p. 4.

13. Therefore, given the allegations in Plaintiff's pre-suit demand letter coupled with the types of damages he seeks in his Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Meridian Security Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 12th day of May, 2023 to:

| | |
|---|---|
| Norman Riedmueller<br>Shaun W. Hodge<br>The Hodge Law Firm, PLLC<br>1301 Market St.<br>Galveston, Texas 77550<br>nriedmueller@hodgefirm.com<br>shodge@hodgefirm.com | ***#9414 7266 9904 2178 2295 54*** |

*/s/ Patrick M. Kemp*
Patrick M. Kemp